UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- X

EDGAR RODRIGUEZ, and RAMIRO MOROCHO, :
on behalf of themselves and all others similarly :
situated, :

                 : **21-1254**

               Plaintiffs, :

                 : **COLLECTIVE AND CLASS**
     -against- : **ACTION COMPLAINT**
                 :

DELTA GENERAL CONTRACTING & :
MANAGEMENT, CORP., SHAHID MAHMOOD, : **JURY TRIAL DEMANDED**
and SAJID MAHMOOD WARRAICH, :
                 :

              Defendants. :

----------------------------------------------------------------------- X

Plaintiffs Edgar Rodriguez and Ramiro Morocho ("Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys Pechman Law Group PLLC, complaining of defendants Delta General Contracting & Management, Corp. ("Delta General"), Shahid Mahwood Warraich, and Sajid Mahwood Warraich (collectively, "Defendants"), allege:

**NATURE OF THE ACTION**

1.    While employed as construction workers at Delta General, Plaintiffs regularly worked between forty-eight to sixty hours per workweek but were paid at the same hourly wage rate for all hours worked, including those over forty. In addition to denying Plaintiffs their overtime wages due, Defendants also failed to furnish Plaintiffs with wage notices at the time of hiring and compliant wage statements at the end of every pay period.

2.    Plaintiffs brings this action on behalf of themselves and all similarly situated non-exempt construction workers (the "Construction Workers") to recover unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment

interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, because many of the events giving rise to Plaintiffs' claims occurred primarily in upper Manhattan and the Bronx, within this district.

## THE PARTIES

**Plaintiff Edgar Rodriguez**

5.      Edgar Rodriguez resides in Queens, New York.

6.      Rodriguez worked for Delta General as a construction worker from approximately December 2014 to September 19, 2020.

**Plaintiff Ramiro Morocho**

7.      Ramiro Morocho resides in Queens, New York.

8.      Rodriguez worked for Delta General as a construction worker from approximately late-2014 to September 2018.

**Defendant Delta General Contracting and Management, Corp.**

9.      Defendant Delta General Contracting & Management, Corp. is a New York corporation located at 1053 Arrow Avenue, Bronx, New York 10469.

10.     Delta General provides commercial masonry services and general construction services throughout the New York metropolitan area, New Jersey, and Connecticut, including brick and concrete work, maintenance, and repairs.

11.     Delta General is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12.     Delta General has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

13.     In each of the three years preceding the filing of this Complaint, Delta General's annual gross volume of sales exceeded $500,000.

**Defendant Shahid Mahmood Warraich**

14.     Defendant Shahid Mahmood Warraich is an owner of Delta General.

15.     Throughout Plaintiffs' employment, Mahmood was regularly present at worksites.  For example, Mahmood distributed employees' wages on Saturdays.

16.     Mahmood authorized the hiring and firing of Delta General employees.  For example, Mahmood hired both Rodriguez and Morocho.

17.     Mahmood determined the wage rates of Delta General employees, including the wage rates of Plaintiffs.  For example, employees would speak to Mahmood whenever they wanted an increase in wages.

18.     Mahmood determined the schedules of Delta General employees, including Plaintiffs' schedule.  For example, employees, such as Plaintiffs, contacted Mahmood or Warraich whenever they needed a day off.

19.     Mahmood exercised sufficient control over the operations of Delta General to be considered Plaintiffs' employer under the FLSA and NYLL.

**Defendant Sajid Warraich**

20.      Sajid "Shon" Warraich is an owner of Delta General.

21.      Throughout Plaintiffs' employment, Warraich was regularly present at worksites. For example, Warraich would oversee worksites to ensure that work was being done correctly.

22.      Warraich authorized the hiring and firing of Delta General employees.

23.      Warraich directed the work duties of Delta General Employees, including Plaintiffs. For example, Warraich would text Rodriguez to tell him which worksite he needed to report to.

24.      Warraich determined the schedules of Delta General employees, including Plaintiffs' schedule. For example, Delta General supervisor Rafi Raza drafted work schedules and Warraich approved them.

25.      Warraich exercised sufficient control over the operations of Delta General to be considered Plaintiffs' employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

26.      Throughout their employment with Delta General, Plaintiffs and other Construction Workers did construction and renovation work, especially masonry work which included making bricks and cement blocks.

27.      Defendants failed to furnish Plaintiffs and other Construction Workers with wage statements with each payment of their wages throughout their employment.

**Edgar Rodriguez's Hours Worked and Wages Paid**

28.      From approximately December 2014 to mid-2016, Defendants paid Rodriguez an hourly wage rate of $22.50 for all hours worked, including hours worked over forty per workweek.

29.     From approximately mid-2016 to mid-2018, Defendants paid Rodriguez an hourly wage rate of $25 for all hours worked, including hours worked over forty per workweek.

30.     From approximately mid-2018 through the end of his employment, Defendants paid Rodriguez an hourly wage rate of $27.50 for all hours worked, including hours worked over forty per workweek.

31.     Throughout his employment at Delta General, Rodriguez worked approximately forty-eight to sixty hours per workweek.

32.     Rodriguez's regular weekly schedule was six days per week, Monday through Saturday from 8:00 a.m. to approximately 4:30 p.m., or 7:00 a.m. to approximately 3:30 p.m., with a 30-minute break per workday, totaling approximately forty-eight hours per workweek.  However, Rodriguez would often work extended shifts, or work on Sundays, resulting in more hours worked per week.

33.     For example, for the workweek ending February 29, 2020, Rodriguez worked 48 hours and was paid $1,320, equal to his 48 hours worked multiplied by his regular hourly wage rate of $27.50.

34.     For this workweek, Defendants should have paid Rodriguez $41.25 for each of his eight overtime hours worked.  As such, for this workweek, Defendants owe Rodriguez $13.75 per overtime hour worked, or $110 in unpaid overtime wages.

**Ramiro Morocho's Hours Worked and Wages Paid**

35.     In 2014, Defendants paid Morocho an hourly wage rate of $20 for all hours worked, including hours worked over forty per workweek.

36.     In 2015, Defendants paid Morocho an hourly wage rate of $22.50 for all hours worked, including hours worked over forty per workweek.

37.     In 2016, Defendants paid Morocho an hourly wage rate of $25 for all hours worked, including hours worked over forty per workweek.

38.     From 2017 to 2018, Defendants paid Morocho an hourly wage rate of $26.25 for all hours worked, including hours worked over forty per workweek.

39.     Throughout his employment at Delta General, Morocho worked approximately forty-eight to sixty hours per workweek.

40.     Morocho's regular weekly schedule was six days per week, Monday through Saturday from 8:00 a.m. to approximately 4:30 p.m., or 7:00 a.m. to approximately 3:30 p.m., with a 30-minute break per workday, totaling approximately forty-eight hours per workweek.  However, Morocho would often work extended shifts, or work on Sundays, resulting in more hours worked per week.

## COLLECTIVE ACTION ALLEGATIONS

41.     Plaintiffs brings this action on behalf of themselves and all similarly situated Construction Workers who worked at Delta General within the three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

42.     The FLSA Collective consists of over eighty Construction Workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

43.     Throughout Plaintiffs' employment, Plaintiffs and the FLSA Collective have regularly worked more than forty hours per workweek, have performed virtually the same work duties, and have been subjected to Defendants' common pay policies depriving them of overtime wages at the rate of one and one-half times their regular hourly wage rates for all hours worked in excess of forty per workweek.

44.     Defendants are aware or should have been aware that the FLSA required them to pay Construction Workers an overtime premium for hours worked in excess of forty per workweek.

45.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiffs and the FLSA Collective.

46.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated Construction Workers can be readily identified and located through Defendants' records. The similarly situated Construction Workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

47.     Plaintiffs brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly situated Construction Workers who work or have worked for Delta General within the six years prior to the filing of this Complaint (the "Rule 23 Class").

48.     The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

49.     The size of the Rule 23 Class exceeds ninety individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendants.

50.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

51. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, including the following:

    a. whether Defendants violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142, as alleged herein;

    b. whether Defendants failed to pay Construction Workers at the correct overtime rate for all time worked in excess of forty hours per week;

    c. whether Defendants failed to provide Construction Workers with accurate wage statements as required by the NYLL and WTPA;

    d. whether Defendants failed to provide Construction Workers with wage notices as required by the NYLL and WTPA; and

    e. the nature and the extent of the class-wide injury and the measure of damages for those injuries.

52. Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the members of the Rule 23 Class work or have worked for Defendants at various times within the applicable six-year statutory period. They enjoy the same statutory rights under the NYLL to be paid at the overtime rate for all hours worked over forty in a workweek. Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

53. Plaintiffs and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

54. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

55. Plaintiffs have retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

56. There is no conflict between Plaintiffs and the Rule 23 Class members.

57.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures.  Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

58.     This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM**
**(Fair Labor Standards Act – Unpaid Overtime)**

59.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

60.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages at the rate of one and one-half their regular hourly wage rates per hour worked in excess of forty per workweek.

61.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiffs and the FLSA Collective.

62.     Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' and the FLSA Collective's compensation.

63.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

64.     Due to Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

**SECOND CLAIM**
**(New York Labor Law – Unpaid Overtime)**

65.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

66.     Pursuant to the NYLL and supporting New York State Department of Labor ("NYDOL") Regulations, Defendants were required to pay Plaintiffs and the Rule 23 Class one and one-half (1½) times their regular hourly rates of pay for all hours worked in excess of forty per workweek.

67.     Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting NYDOL Regulations, and employed Plaintiffs and the Rule 23 Class.

68.     Defendants failed to pay Plaintiffs and the Rule 23 Class overtime wages equal to one and one-half (1½) times their regular hourly rates of pay, which could not be less than the minimum wage rate, per hour worked in excess of forty per workweek.

69.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class overtime wages.

70.     Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Statements)

71.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

72.     Defendants failed to furnish Plaintiffs and the Rule 23 Class, with each wage payment, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

73.     Due to Defendants' violation of the NYLL, § 195(3), Plaintiffs and the Rule 23 Class are entitled to recover from the Defendants liquidated damages of $250.00 per workday, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## FOURTH CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Notices)

74.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

75.     The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

76.     Defendants failed to furnish Plaintiffs and the Rule 23 Class at the time of hiring, and whenever there was a change to their rates of pay, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the

minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

77.     Due to Defendants' violation of NYLL § 195(1), Plaintiffs and the Rule 23 Class are entitled to recover from Defendants liquidated damages of $50.00 per day that the violation occurred, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and the Rule 23 Class, respectfully request that this Court:

a.     certify this case as a class action pursuant to Rule 23 for the class of employees described herein, certification of Plaintiffs as the class representatives, and designation of Plaintiffs' counsel as Class Counsel;

b.     designate this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

c.     declare that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

d.     declare that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

      e.      declare that Defendants' violations of the FLSA and NYLL were willful;

      f.      award Plaintiffs, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

      g.      award Plaintiffs and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish them with wage notices upon hiring and accurate wage statements at the end of each pay period, in violation of the NYLL and WTPA;

      h.      award Plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NYLL;

      i.      award Plaintiffs and the Rule 23 Class pre- and post-judgment interest under the NYLL;

      j.      awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL; and

      k.      award such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated:  New York, New York
       February \_\_\_, 2021

              PECHMAN LAW GROUP PLLC

              By:  *s/Louis Pechman*
                    Louis Pechman
                    Gianfranco J. Cuadra
                    Pechman Law Group PLLC
                    488 Madison Avenue, 17th Floor

New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
cuadra@pechmanlaw.com

*Attorneys for Plaintiffs, the*
*Putative FLSA Collective, and Putative*
*Rule 23 Class*