USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/23/2021__

**PECHMAN LAW GROUP PLLC**
A T T O R N E Y S   A T   L A W

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

September 22, 2021

**VIA ECF**

Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:     *Rodriguez v. Delta Gen. Contracting & Mgmt.*,
               No. 21 Civ. 1254 (AT) (BCM) (Disc. Deficiencies)

Dear Judge Torres:

       We represent plaintiffs Edgar Rodriguez and Ramiro Morocho (collectively, "Plaintiffs") in the above-referenced matter. Pursuant to Rule II.C of the Court's Individual Practices in Civil Cases, we submit this letter together with Defendants' attorney, Craig Stuart Lanza, Esq., to inform the Court of Defendants' discovery deficiencies and the Parties' meet-and-confer efforts to date. In good faith, as is explained in further detail below, Plaintiffs respectfully request that the Court grant a short extension of the discovery deadline to allow Defendants sufficient time to cure their discovery deficiencies and, if required, obtain new counsel. If Defendants fail to cure their deficiencies, however, Plaintiffs request leave to seek an appropriate sanction against Defendants.

**I.**      **Discovery Deficiencies and Meet & Confer**

       To preserve resources, the Parties agreed in June 2021 to engage in limited class-wide discovery necessary to attend a mediation and attempt to resolve their disputes on a class-wide basis. *See, e.g.*, ECF No. 23 § III; *see also* ECF No. 24 §§ 10(a), 10(c). Per the Parties' agreement and the Court's Civil Case Management Plan and Scheduling Order dated June 7, 2021 (ECF No. 24), all fact discovery is to be completed by October 12, 2021. *See* ECF No. 24 § 5. Per the Order, the Parties were supposed to serve initial disclosures, document requests, and interrogatories by June 28, 2021. *Id.* § 6(a)–(b).

       Plaintiffs served initial disclosures, an initial document production, document requests, and interrogatories on Defendants on June 6, 2021. Defendants served initial disclosures without documents on June 14, 2021. As set forth in the attached email chain ("Ex. 1"), the undersigned began contacting Mr. Lanza about the production of class-wide information on July 14, 2021. *See* Ex. 1 at 7–8. By the end of July 2021,

Defendants still had not produced any records. *See id.* at 5–7. Not seeing a production, the undersigned informed defense counsel on July 30, 2021, that "we are going to have to contact the court about discovery issues" absent a production of documents. *Id.* at 5. Mr. Lanza replied that he aimed "to have everything to you WELL before the September 9th date," the mediation date. *Id.* (emphasis in original). The undersigned agreed that the point of the mediation was to preserve resources and, as a result, Defendants were to provide payroll and time records on a class-wide basis. *Id.* at 4. Unfortunately, there was still no production or discovery responses by mid-August 2021. *Id.* at 3. In response to sending a follow-up email, the undersigned learned that defense counsel was out of office and unavailable for the remainder of August. *Id.* at 2.

On September 8, 2021, the day before the scheduled mediation, defense counsel stated that he would discuss records and their production with his clients that afternoon and looked "forward to speaking . . . tomorrow." *Id.* at 2. Despite the undersigned's opposition to attending a mediation given the lack of information available, the Parties and the mediator agreed to attend the mediation on September 9, 2021, to discuss the production of documents and other issues in the case. *Id.* at 1. At the mediation, which lasted an hour and a half, the Parties and Defendant Sajid Mahmood Warraich discussed the production of documents for the class, Defendants' physical and electronic records allegedly stored that could be produced, and how mediation could continue. With the mediator's help, the Parties agreed that Defendants would produce the records for the class by September 17, 2021. Plaintiffs also agreed in good faith that Defendants could request an extension of the discovery deadline from the Court, which the Court ultimately denied. *See* ECF Nos. 25–26.

On September 13, 2021, following the Court's denial of Defendants' request for a discovery extension, the undersigned and Mr. Lanza had a seventeen-minute call to discuss how to complete discovery by the October 12 deadline, the documents that needed to be produced, the discovery responses that were overdue, the information needed from Defendants if a mediation would go forward, and dates for the Parties' respective depositions. The undersigned informed defense counsel that both Plaintiffs could be deposed on September 30, 2021. Defendants could be deposed on October 1, 2021. However, the undersigned also mentioned that all document productions must be completed by September 17, 2021, as the Parties had discussed with the mediator, for depositions and a later mediation to proceed and be productive.

On September 17, 2021, Defendants' counsel informed the undersigned in a six-minute phone call that he had not heard from his clients, had not received records, and would contact us again on Monday, September 20, 2021, to discuss the status of documents to be produced. The undersigned informed Mr. Lanza that unless the documents were produced by the morning of September 21, 2021, the Parties would have to contact the Court about discovery deficiencies. Mr. Lanza understood. On September 20, 2021, at 4:46 p.m., Mr. Lanza confirmed by email that he had not yet received any records from his clients. The same day, at 4:47 p.m., the undersigned confirmed that the Parties would have to contact the Court on September 21, 2021. On September 21, 2021, Mr. Lanza informed Plaintiffs' counsel that he would move to

Hon. Analisa Torres
September 22, 2021
Page 3 of 3

withdraw no later than Thursday, September 23, 2021, due to, among other reasons, the breakdown of his relationship with his clients. The undersigned then drafted this joint letter and submitted it to defense counsel for review.

Defendants have not produced any documents or discovery responses to date.

## II.   Request for Extension; Consequence of Failure to Comply with Discovery

In good faith, and per Rule I.C of this Court's Individual Practices in Civil Cases, Plaintiffs request a short extension of the fact discovery deadline, from October 12, 2021, to November 12, 2021, to give Defendants sufficient time to cure their discovery deficiencies. All other dates in the Court's Civil Case Management Plan and Scheduling Order, including the Case Management Conference scheduled for October 28, 2021, at 10:20 a.m., can remain unchanged for the reasons described below. This is the first time that Plaintiffs request an extension of the discovery deadline. Defendants support this request to, among other things, enable Defendants to obtain new counsel.

As noted, the extra month of fact discovery should give Defendants more than sufficient time to produce all outstanding documents and discovery responses and be deposed. This includes limited class-wide discovery for mediation purposes. However, neither Plaintiffs nor the Court can wait indefinitely for Defendants to comply with their obligations. Accordingly, Plaintiffs propose that if Defendants fail to produce the documents requested and their discovery responses by October 1, 2021, Plaintiffs may request an appropriate sanction against Defendants. An appropriate sanction can include, but is not limited to, leave for Plaintiffs to file a motion for default judgment against Defendants for failure to prosecute the Action. Defendants oppose this request. In light of defense counsel's imminent motion to withdraw, defense counsel respectfully requests that the Court provide Defendants sufficient time to obtain new counsel before employing such extreme remedies. While defense counsel believes that withdrawal is necessary, his departure from the case should not prejudice his clients.

We thank the Court for its attention to this matter. The Parties are available to discuss this matter with the Court.

GRANTED. By **November 12, 2021**, fact discovery shall be completed. The case management conference scheduled for October 28, 2021 is ADJOURNED to **November 30, 2021**, at **10:40 a.m.**

SO ORDERED.

Dated: September 23, 2021
    New York, New York

_____
ANALISA TORRES
United States District Judge