# PECHMAN LAW GROUP PLLC
A T T O R N E Y S  A T  L A W

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

February 23, 2022

**VIA ECF**

Hon. Barbara C. Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

    Re: *Rodriguez v. Delta General Contracting & Management Corp., et al.*
      21 Civ. 01254 (BCM) – Letter-Motion for Settlement Approval

Dear Judge Moses:

  The Parties[1] in the above-referenced Action jointly submit this letter-motion to request that the Court approve their Settlement Agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), for the reasons set forth in detail below.

## FACTUAL AND PROCEDURAL HISTORY

  Plaintiffs, through their counsel, Pechman Law Group PLLC ("PLG"), commenced this Action on February 11, 2021. ECF No. 1. Plaintiffs are former construction workers of Delta General who claim that Defendants paid them on a "straight time" basis (*i.e.*, at the same hourly wage rate for all hours worked, including overtime hours), in violation of the FLSA and NYLL. Plaintiffs also claimed that Defendants failed to provide them with wage notices and wage statements, in violation of the WTPA. Plaintiffs sought to recover their alleged unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs. *See generally* ECF No. 1. Plaintiff Fabio Salazar opted into his Action on October 5, 2021. ECF No. 33.

  Defendants filed their Answer on May 6, 2021, generally denying Plaintiffs' allegations. *See* ECF No. 12. On June 11, 2021, Plaintiffs served discovery requests and 45 pages of text messages between the Parties. On September 9, 2021, the Parties participated in an unsuccessful mediation. Defendants retained new counsel by November 2021, ECF Nos. 35–41, and, by the end of 2021, produced 452 pages of what they alleged were payroll records, including wage notices and signed offer letters, for all

---

[1]  Unless otherwise stated, defined terms used in this Letter-Motion have the same meanings assigned to them in the Parties Settlement Agreement and Release, which is attached as Exhibit 1.

Delta General construction workers. On January 12, 2022, Plaintiffs produced 122 pages of Google Maps data purportedly reflecting Plaintiff Rodriguez's hours worked at different worksites and information from Defendants' Facebook page.

On January 20, 2022, the Parties participated in a settlement conference before this Court. At the end of the conference, this Court issued a settlement proposal, which the Parties accepted the next day and thereafter reduced to the attached Agreement.

## THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE

*Cheeks* requires stipulated dismissals with prejudice of FLSA claims to be approved by a court or the Department of Labor. 796 F.3d at 200. "[C]ourts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement" in considering its fairness. *Siler v. Landry's Seafood House - N. Carolina, Inc.*, No. 13-CV-587, 2014 WL 2945796, at *7 (S.D.N.Y. June 30, 2014) (citation omitted). A "proposed FLSA settlement [that] reflects a reasonable compromise over contested issues . . . should be approved." *Kudo v. Panda Restaurant Group, Inc.*, No. 09-CV-712 (CS), 2015 WL 13879800, at *2 (S.D.N.Y. June 26, 2015) (quoting *Matheson v. T-Bone Rest., LLC*, No. 09 Civ. 4214 (DAB), 2011 WL 6268216, at *6 (S.D.N.Y. Dec. 13, 2011)). Courts in the Second Circuit consider the totality of the circumstances, including the five factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), when determining whether a proposed settlement is fair and reasonable.

**I.      The Court Should Approve the Agreement as Fair and Reasonable**

Defendants will pay $120,000 within thirty days of the Court's approval of the Agreement. Ex. 1 § 1(a). In exchange, Plaintiffs will release Defendants from all FLSA and NYLL wage-and-hour claims and dismiss the Action with prejudice. *Id.* §§ 2, 3.

Plaintiffs alleged they worked between forty-eight and sixty hours per workweek and were paid on a straight time basis. For settlement purposes only, Plaintiffs calculated their damages assuming 53.26 hours worked per week, the average weekly hours allegedly reflected in Rodriguez's Google Maps data. Using this average, Plaintiffs claimed they were collectively owed $92,479.16 in unpaid overtime wages, $92,479.16 in NYLL liquidated damages, $37,305.28 in pre-judgment interest, and $20,000 in WTPA damages, totaling $204,528.62.

Relying on their records produced, Defendants claim they paid Plaintiffs all wages due for all hours worked and provided all required wage notices. Plaintiffs claim the records produced are fabricated and fail to reflect the hours that Plaintiffs truly worked per workweek. Continuing with the Action presents major risks to both sides. Depending on which facts a jury believes, Plaintiffs could recover between zero and $205,000. For example, if a jury concluded that Plaintiffs worked on average 45 hours per workweek and were paid on a straight time basis, their damages would be reduced to $103,803.31, equal to $34,868.75 in unpaid overtime wages, $34,868.75 in liquidated damages, $14,067.81 in pre-judgment interest, and $20,000 in WTPA damages. Indeed,

Hon. Barbara C. Moses
February 23, 2022
Page 3

based on this example, the Court recommended the Settlement of $120,000 after the Parties had negotiated for hours in good faith and at arm's length.

Continuing with the Action would be significantly expensive to both sides and could deplete the $120,000 Settlement Amount. Absent this Settlement, the Parties would have to finish depositions, motion practice, trial, and potential appeals. Even if fully successful, Plaintiffs would not see recover in the Action until after a judgment, assuming no collectability issues. As a compromise, after attorneys' fees and costs, Plaintiffs will receive $79,628. Ex. 1 § 1(a)(i)–(iii). Assuming a complete victory for Plaintiffs on all phases of this Action, including appeals and judgment collection, each Plaintiffs' recovery under the Settlement represents approximately 43% of his unpaid overtime wages. Assuming Plaintiffs worked 45 hours per workweek, each Plaintiff will receive 114% of his alleged unpaid overtime wages and NYLL liquidated damages.

Considering the foregoing, the Parties respectfully request that the Court approve the Agreement as a fair and reasonable compromise under *Cheeks*.

## II.   The Allocation of Attorneys' Fees and Costs is Reasonable

PLG has spent significant time investigating the factual and legal issues raised in this Action, preparing the Complaint, engaging with Defendants' counsel, and preparing for and engaging in mediation and a settlement conference. PLG used its experience in litigating wage-and-hour disputes to provide a satisfactory result for Plaintiffs. In accordance with Plaintiffs' retainer agreements, attorneys' fees in this case are $40,372, equal to one-third of the total recovery after reimbursement of $558 in costs (*i.e.*, the Court's $402 filing fee and $156 for service of the Complaint on Defendants).[2]

The contingency fee in this case should be approved because it is the fee Plaintiffs agreed upon in their retainer agreement. *See Kudo*, 2015 WL 13879800 at *3 (The Court should seek to enforce the parties' intentions in a contingent fee agreement, as with any contract); *In re Lawrence*, 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written."). Moreover, the one-third contingency is the fee that courts consider presumptively valid in FLSA cases. *See, e.g.*, *Oxley v. Excellent Home Care Servs., LLC*, No. 18-CV-2374 (RJD)(CLP), 2020 WL 589581, at *3 (E.D.N.Y. Jan. 8, 2020), *rep. & rec. adopted*, 2020 WL 401772 (E.D.N.Y. Jan. 23, 2020) ("Settlements of a one-third percentage are typically found reasonable in this Circuit."); *Angamarca v. Hud-Moe LLC*, No. 18-CV-1334 (RA), 2018 WL 6618412, at *1 (S.D.N.Y. Dec. 17, 2018) ("A contingency fee award is presumptively valid where the proposed fee amount is exactly one-third of the net settlement amount."); *Marquez v. Roberto's Rest. Corp.*, No. 16-CV-2304 (HBP), 2017 WL 5468760, at *3 (S.D.N.Y. Nov. 13, 2017) ("Contingency fees of one-third in FLSA cases are routinely approved in this Circuit."); *Ezpino v. CDL Underground Specialists, Inc.*, No. 14

---

[2]   A copy of PLG's contemporaneous expense and billing records are attached as Exhibit 2. The billing rates reflect rates actually paid by PLG's clients who pay for the firm's services on an hourly basis.

Civ. 3173 (DRH) (SIL), 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").

Although PLG's lodestar of $32,692.50 to date is slightly less than the contingency fee, the award is fair and reasonable in light of the result obtained and the "considerable risk" PLG undertakes by representing plaintiffs in FLSA cases on a contingency fee basis. *See, e.g., Cortes v. New Creators, Inc.*, No. 15-CV-5680, 2016 WL 3455383, at *9 (S.D.N.Y. June 20, 2016) (noting risks associated with contingent fees in FLSA cases) (collecting cases). In this regard, PLG notes contingency awards sometimes represent only a fraction of its lodestar, and PLG is sometimes unable to collect fees awarded. *See, e.g., Hussain v. Burton and Doyle of Great Neck, LLC*, No. 14-CV-05924 (SIL) (E.D.N.Y. June 16, 2020) (after almost six years of litigation, including a seven-day jury trial, attorneys' fee award of $275,000 uncollectible due to personal bankruptcy and business closure); *Zavala v. JT Restaurant Corp. et al.*, No. 18-CV-01530 (ADS)(ARL) (E.D.N.Y. Apr. 22, 2020) ($35,000 judgment remains outstanding following defendants' default on settlement payments); *Espinosa v. Perez*, No. 18 Civ. 8855, 2020 WL 2950978, at *4 (S.D.N.Y. Jan. 27, 2020), *rep. & rec. adopted*, 2020 WL 1130743, at *1, 4 (S.D.N.Y. Mar. 9, 2020) (no recovery to date on judgment of $74,310.25 for attorneys' fees and costs due to lack of funds). Accordingly, the one-third contingency fee in this case is fair, reasonable, and should be approved.

### III. The Agreement Satisfies All Other Factors Considered for Approval

The terms of the Agreement are otherwise consistent with *Cheeks*. The Agreement was reached following arm's-length negotiations between capable counsel and with the aid of the Court. Plaintiffs' release is limited to wage-and-hour claims, and the Agreement does not contain a confidentiality provision. Further, the Agreement contains provisions that help to ensure that Defendants pay the Settlement Amount, including a request that the Court retain jurisdiction over this Action for purposes of enforcing the Agreement and not dismiss the Action until after Plaintiffs confirm receipt of payment.

### CONCLUSION

For the foregoing reasons, the Court should approve the Agreement. However, to ensure payment of the Settlement Payment, the Parties jointly request that the Court retain jurisdiction of this Action for forty-five days following settlement approval. Plaintiffs will file a proposed stipulation and order of dismissal after receipt of payment.

We thank the Court for its time and attention to this matter. The Parties are available if the Court needs any additional information to approve their Settlement.

Respectfully submitted,

Gianfranco J. Cuadra

cc: Counsel of Record (via ECF)
Attachments