*Rodriguez v. Delta Gen. Contracting & Mgmt. Corp.*
No. 21 Civ. 01254 (BCM)

# EXHIBIT 1
# SETTLEMENT AGREEMENT

JOINT LETTER-MOTION FOR
SETTLEMENT APPROVAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDGAR RODRIGUEZ and RAMIRO MOROCHO, on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

DELTA GENERAL CONTRACTING & MANAGEMENT, CORP., SHAHID MAHMOOD, and SAJID MAHMOOD WARRAICH,

Defendants.

**21 Civ. 1254 (BCM)**

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiffs Edgar Rodriguez, Ramiro Morocho, and opt-in Plaintiff Fabio Salazar (together "Plaintiffs"), on one side, and Defendants Delta General Contracting & Management Corp., Shahid Mahwood Warraich, and Sajid Mahmood Warraich (collectively, "Defendants" or "Delta General"), on the other side. Plaintiffs and Defendants are collectively referred to in this Agreement as the "Parties."

**WHEREAS**, on February 12, 2021, Plaintiffs, through their counsel, Pechman Law Group PLLC ("PLG"), commenced an action against Defendants by filing a complaint (the "Complaint") in the United States District Court, Southern District of New York (the "Court"), Docket No. 1:21–cv–01254–BCM (the "Action"), alleging, *inter alia*, that they worked for Defendants as construction workers; that Defendants failed to (a) pay them overtime wages equal to one and one-half times their regular hourly wage rates, (b) furnish them with weekly paystubs accurately reflecting their overtime wage rates and hours worked, and (c) furnish them with wage notices upon hiring;

**WHEREAS**, Plaintiffs claim that, upon the facts alleged in the Complaint, they are entitled to recover from Defendants unpaid overtime wages, statutory damages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs (collectively, the "Claims") pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA");

**WHEREAS**, Defendants deny Plaintiffs' allegations asserted in their Complaint and deny that they have violated any applicable law, rule, regulation or statute;

**WHEREAS,** the Parties engaged in settlement discussions and exchanged information relating to the Claims in this Action, such as payroll and time records, such that they have adequate information to assess the appropriateness of this Agreement;

**WHEREAS,** the Parties attended a mediation before Evan J. Spelfogel, Esq., on September 9, 2021, which did not result in a settlement, but which helped the Parties further their settlement discussions;

**WHEREAS,** the Parties participated in a settlement conference on January 20, 2022 before Magistrate Judge Barbara C. Moses, at which time the Parties reached an agreement in principle, which they memorialized in this Agreement;

**WHEREAS,** the Parties, with counsel, negotiated in good faith and agreed on the key terms of settlement; and

**WHEREAS,** the Parties desire to resolve and settle the Action and the Claims in an amicable manner without the expense of further litigation;

**NOW, THEREFORE,** with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises contained in this Agreement and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state, and/or local law:

**1. Settlement Amount**

a. **Distributions of Amounts.** In full and final settlement of the Action, and in consideration for the release contained in Paragraph 2 of this Agreement, Defendants, jointly and severally, shall make a total payment of One Hundred and Twenty Thousand Dollars and Zero Cents ($120,000.00) (the "Settlement Amount"), within thirty (30) calendar days of Court approval of this Agreement (the "Payment Date"). The Settlement Amount shall be allocated as follows:

i. payment of Forty-Two Thousand Nine Hundred Four Dollars and Six Cents ($42,904.06) by check payable to "Edgar Rodriguez";

ii. payment of Twenty-Six Thousand Seven Hundred Thirty-Two Dollars and Ninety-Seven Cents ($26,732.97) by check payable to "Ramiro Morocho";

iii. payment of Nine Thousand Nine Hundred Ninety Dollars and Ninety-Seven Cents ($9,990.97) by check payable to "Fabio Salazar"; and

iv. payment of Forty Thousand Three Hundred Seventy-Two Dollars and Zero Cents ($40,372.00) by check payable to "Pechman Law Group PLLC," which represents attorneys' fees and costs.

b. **Taxes.** The Defendants shall make all payments under this Agreement without deductions or withholdings, under IRS Tax Form W-9. Plaintiffs and PLG shall provide completed IRS Tax Forms W-9 to the Defendants with a copy of this executed Agreement. Defendants shall issue each Plaintiff and PLG a separate IRS Tax Form 1099 for payment of his or its respective portion of the Settlement Amount. Each Plaintiff shall be responsible for his respective portion of all taxes, interest, and penalties due with respect to his receipt of his portion of the Settlement Amount reported on an IRS Tax

Form 1099 and made pursuant to this Agreement and agrees to indemnify, defend, and hold the Defendants harmless from and against any and all taxes, interest, penalties, attorneys' fees, and other costs imposed on the Defendants as a result of his failure to timely pay such taxes. Plaintiffs have not relied upon any advice from Defendants or from PLG as to the taxability of the payments received pursuant to this Agreement.

c. **Delivery of Checks.** Defendants shall deliver all checks specified above to Pechman Law Group PLLC via overnight mail at 488 Madison Avenue, 17 Floor, New York, NY 10022, within thirty (30) calendar days of the Court's approval of this Agreement.

d. **Failure to Pay; Remedies.** If Defendants fail to make timely any of the payments set forth in Section 1(a) above, or if any payment check fails to clear (*i.e.*, bounces) for any reason, PLG shall provide a notice to cure to Defendants' counsel by e-mail consistent with Section 12 below with a copy to Defendants by email at deltarf@aol.com. Defendants shall cure the default within seven (7) calendar days from and including the date on which the notice was sent (the "Cure Period"). Defendants agree that if they fail to cure the default within the Cure Period, this Agreement may be declared null and void, and Plaintiffs may continue their Claims the Court. In the alternative, at Plaintiffs' sole discretion, Plaintiffs may declare Defendants in breach of this Agreement and obtain a judgment from the Court, or from any other court of competent jurisdiction, for all unpaid amounts under this Agreement plus any bounced check fees. If Plaintiffs elect to obtain a judgment against Defendants as set forth in the preceding sentence, Plaintiffs shall also be entitled to recover separately for their attorneys' costs and fees incurred in obtaining and enforcing the judgment.

**2. Release of Wage and Hour Claims**

In consideration of the promises and actions of Defendants set out in this Agreement, Plaintiffs hereby waive, release, satisfy, and discharge, on their own behalf and on behalf of anyone who could claim by and through them, Defendants, including their officers, directors, shareholders, members, agents, attorneys, insurers, representatives, successors, and assigns, of and from any and all claims for damages, salaries, wages, compensation, spread-of-hours pay, statutory damages, unlawful deductions, withheld tips, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, statutory, and other damages, interest, attorneys' fees, and costs, for the Claims and any other claim brought, or that could have been brought, relating to or arising from their work performed for Defendants or the facts that gave rise to the Action, under the FLSA, the NYLL, the WTPA, and/or any local, state, or federal wage statute, code, or ordinance concerning the payment and/or receipt of wages. This Agreement constitutes a full accord, satisfaction, and settlement of the claims settled, released, and waived in this Section and further constitutes a sufficient basis for immediate dismissal of such released claims asserted by Plaintiffs against Defendants in any future action so long as Defendants pay the Settlement Amount in full as set forth in this Agreement. Excepted from this release is any claim or right that cannot be waived by law, including claims arising after the date of this Agreement (including claims to enforce this Agreement) and the right to file a charge with or participate in an investigation conducted by government agencies.

**3. Stipulation of Dismissal**

Following the execution of this Agreement by each of the Parties, the Parties' attorneys shall present this Agreement, along with the proposed Stipulation and Order of Dismissal with Prejudice (the "Order"), which is annexed as Exhibit "A," to the Court for review and approval. Counsel for the Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the Order.

**4. Non-Admission of Liability**

Defendants do not admit any violation of law or any liability to Plaintiffs or to anyone else as a result of or arising out of the Complaint, the Claims, or the Action.

**5. Attorneys' Fees and Costs**

Plaintiffs acknowledge that the attorneys' fees and costs allocated in this Agreement are fair and reasonable and in accordance with the Retainer Agreements Plaintiffs executed with PLG.

**6. Applicable Law; Forum Selection**

The Parties consent to the jurisdiction of the United States District Court, Southern District of New York for any litigation concerning or arising out of the terms of this Agreement or the Parties' performance of its terms. The Parties shall jointly request that the Court retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Agreement. Furthermore, the Parties shall jointly request that the Court maintain the Action open until Plaintiffs confirm that they have received the Settlement Payment, at which time Plaintiffs shall file the proposed Order attached as Exhibit A.

**7. Execution in Counterparts; Facsimile Signatures; Force and Effect**

This Agreement may be executed in counterparts by each Party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile/electronic mail or by electronic application, such as DocuSign and HelloSign, for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile/electronic mail.

**8. Plaintiffs' Representations**

Plaintiffs represent and warrant that they have entered into this Agreement of their own free will and accord, not subject to coercion or undue influence. Plaintiffs further warrant that they are satisfied with the legal representation and services received from their attorneys, PLG, and believe that the Settlement Amount and its distribution, as set forth above, represents a fair and reasonable compromise of the disputes in the Action.

Other than the Action, which Plaintiffs have agreed to dismiss, Plaintiffs represent that they have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against any of the Defendants, that none of the

foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledge that this representation constitutes a material inducement for the Parties to enter into this Agreement.

**9. Entire Agreement**

This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof.

**10. Non-Waiver/No Modification**

This Agreement cannot be modified or changed except by a writing signed by the Parties with specific reference to this Agreement. No delay or omission by any Party in exercising any right(s) under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party who is claimed to have waived a provision.

**11. No Severability**

If any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, this entire Agreement is thereby rendered illegal and invalid *ab initio*.

**12. Notices**

Any provision of this Agreement that calls for notice to be sent to Plaintiffs or Defendants shall be sent via email, facsimile, messenger, overnight mail, or first-class mail, and shall be directed as follows, or to any other address designated in writing:

If to Plaintiffs:

Louis Pechman, Esq.
Gianfranco Cuadra, Esq.
Mirian Albert, Esq.
Pechman Law Group, PLLC
488 Madison Avenue, 17th Floor
New York, NY 10022
Fax: (212) 409–8763
pechman@pechmanlaw.com
cuadra@pechmanlaw.com
albert@pechmanlaw.com

If to Defendants:

Shawn A. Turck, Esq.
Turck Law, P.C.
225 Broadway, Suite 1901
New York, NY 10007
Fax: (212) 766-2298
shawn@turcklaw.com

All notices, requests, consents, and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by facsimile transmission and/or email, at the time that receipt thereof has been

acknowledged by electronic confirmation or otherwise, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made. No other methods of delivery are valid other than those expressly set forth above.

**13. Prevailing Party**

It is agreed that in any action resulting from a breach of this Agreement, the prevailing party in such an action will be entitled to costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s), in addition to any determined award.

**14. Reconocimiento en Español (Spanish Acknowledgement)**

Los Demandantes representan que su idioma materno es el español y que sus abogados de PLG han repasado todos los términos de este Acuerdo con ellos en español. Los Demandantes han entendido todos los términos de este Acuerdo y los aceptan voluntariamente al firmar el Acuerdo. (Plaintiffs represent that their primary language is Spanish and that their counsel, Pechman Law Group PLLC, has reviewed all the terms of this Agreement with them in Spanish. Plaintiffs fully understood all of the terms of this Agreement and voluntarily accept them by signing below).

**15. Plaintiffs understand, represent, and agree that they:**

a. **have carefully reviewed and fully understood every provision of this Agreement prior to executing it;**

b. **are, through this Agreement, releasing Defendants from any and all wage and hour claims, including the Claims, that Plaintiffs may have against them relating to their employment with Defendants or their separation from employment with them;**

c. **knowingly and voluntarily agree to all of the terms set forth in this Agreement;**

d. **knowingly and voluntarily intend to be legally bound by this Agreement;**

e. **were advised to consider the terms of this Agreement with counsel, and have consulted with counsel prior to executing this Agreement; and**

f. **are duly authorized and have full authority to execute this Agreement.**

**Plaintiffs**

______________________________
Edgar Rodriguez

Dated: ____________________

______________________________
Ramiro Morocho

Dated: ____________________

______________________________
Fabio Salazar

Dated: ____________________

**Defendants**

Delta General Contracting & Management Corp.

By: ______________________________

Dated: 02/18/2022

______________________________
Shahid Mahwood Warraich

Dated: 02/18/2022

______________________________
Sajid Mahwood Warraich

Dated: 2/18/22


f. **are duly authorized and have full authority to execute this Agreement.**

**Plaintiffs**

Edgar Rodriguez

Dated: 02 / 23 / 2022

Ramiro Morocho

Dated: ____________________

Fabio Salazar

Dated: ____________________

**Defendants**

Delta General Contracting & Management Corp.

By: ____________________

Dated: 02/18/2022

Shahid Mahwood Warraich

Dated: 02/18/2022

Sajid Mahwood Warraich

Dated: 2/18/22

Doc ID: c314556ca0a69399919d8bae429e29239f8b5cf6

f. **are duly authorized and have full authority to execute this Agreement.**

**Plaintiffs**

______________________________
Edgar Rodriguez

Dated: ____________________

______________________________
Ramiro Morocho

Dated: 02 / 23 / 2022

______________________________
Fabio Salazar

Dated: ____________________

**Defendants**

Delta General Contracting & Management Corp.

By: ______________________________

Dated: 02/18/2022

______________________________
Shahid Mahwood Warraich

Dated: 02/18/2022

______________________________
Sajid Mahwood Warraich

Dated: 2/18/22

Doc ID: 907290c3249a6cf02f8d6bc039871d5a30372db3

f. **are duly authorized and have full authority to execute this Agreement.**

**Plaintiffs**

______________________________
Edgar Rodriguez

Dated: ______________________

______________________________
Ramiro Morocho

Dated: ______________________

______________________________
Fabio Salazar

Dated: 02 / 23 / 2022

**Defendants**

Delta General Contracting & Management Corp.

By: ______________________________

Dated: 02/18/2022

______________________________
Shahid Mahwood Warraich

Dated: 02/18/2022

______________________________
Sajid Mahwood Warraich

Dated: 2/18/22

Doc ID: b729e4df39d3f7ef4e089e926cc76bf43984a863