UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



EDGAR RODRIGUEZ, and RAMIRO MOROCHO, on behalf of themselves and all others similarly situated,

        Plaintiffs,

  -against-

DELTA GENERAL CONTRACTING & MANAGEMENT CORP., et al.,

        Defendants.

21-CV-1254 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received and reviewed the parties' joint letter-motion dated February 23, 2022 (Joint Ltr.) (Dkt. No. 52), seeking approval of their fully-executed Settlement Agreement (Ag.) (Dkt. No. 52-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants collectively to pay $120,000 to plaintiffs Edgar Rodriguez, Ramiro Morocho, and Fabio Salazar to settle their claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Ag. § 1; Joint Ltr. at 2. Of that sum, plaintiffs' counsel will receive $40,372 to cover attorneys' fees ($39,814) and expenses ($558), leaving $79,628 for plaintiffs themselves.[1]

    After the parties conducted written discovery, and participated in an unsuccessful mediation (Dkt. No. 46), the material terms of the settlement were arrived at through arm's-length bargaining at a judicially-supervised settlement conference before me on January 20, 2022. The parties thereafter consented to my jurisdiction for all purposes. (Dkt. No. 49.)

    The financial terms of the Agreement are fair and reasonable. Plaintiffs' principal claim is that they were not paid time and a half for their overtime hours, as required by the FLSA and the NYLL. The gross settlement payment is lower than plaintiffs' claimed unpaid overtime wages, which their counsel estimates to be $92,479.16. Joint Ltr. at 2. However, proceeding to trial presented "major risks to both sides." Joint Ltr. at 2. For example, plaintiffs' unpaid overtime estimate is based on data "reflected in Rodriguez's Google Maps data," the reliability of which would no doubt be challenged. *Id.* Defendants, for their part, produced payroll records that support their contention that they paid plaintiffs "all wages due for all hours worked," and furnished all required wage notices and statements, but plaintiffs believe those records to be fabricated. *Id.* Under these circumstances, the Court is satisfied that the settlement represents "a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014).

---

[1] Plaintiff Rodriguez will receive $42,904.06, plaintiff Morocho will receive $26,732.97, and plaintiff Salazar will receive $9,990.97. Ag. §§ 1(a)(i)-(iii).

The non-economic terms of the settlement are also fair. The agreement includes a one-way release limited to wage and hour claims. Ag. § 2. There is no rehiring prohibition and no confidentiality clause or other restriction on plaintiffs' ability to discuss their employment with defendants, this action, or the terms of the settlement.

The proposed attorneys' fee award of $39,814 represents one-third of the net settlement payment (after reimbursement of $558 in costs), and is approximately 1.2 times counsel's stated lodestar of $32,692.50. *See* Joint Ltr. at 3-4 & Ex. 2 (attorney time records). Given the degree of success obtained by counsel in this action, the award is not excessive.

Having carefully reviewed the financial and non-financial terms of the Agreement, I find that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Accordingly, the parties' joint letter-motion is **GRANTED** and the proposed settlement is **APPROVED**. It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs. The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York  **SO ORDERED**.
May 20, 2022

_____
**BARBARA MOSES**
**United States Magistrate Judge**